IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Christy Rigsby, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:16-cv-2690 |
| Harvard Collection Services, Inc., an Illinois corporation and Pendrick Capital Partners II, LLC, a Delaware limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, Christy Rigsby, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

**PARTIES**

3.      Plaintiff, Christy Rigsby ("Rigsby"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt, which was allegedly owed for medical services.

4. Defendant, Harvard Collection Services, Inc. ("Harvard"), is an Illinois corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Harvard operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant Harvard was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Pendrick Capital Partners, II, LLC ("Pendrick"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant Pendrick operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant Pendrick was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Pendrick is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, like Defendant Harvard.

7. Defendants Harvard and Pendrick are authorized to conduct business in the State of Indiana and maintain registered agents within the State of Indiana, see, records from the Indiana Secretary of State, attached as Group Exhibit A. In fact, Harvard and Pendrick conduct business in Indiana.

8. Defendants Harvard and Pendrick are licensed as a debt collection

agencies in the State of Indiana, see, records from the Indiana Secretary of State, Securities Division, attached as Group Exhibit B.  In fact, Defendants Harvard and Pendrick act as collection agencies in Indiana.

### FACTUAL ALLEGATIONS

9. Ms. Rigsby fell behind on paying her bills, including a debt she allegedly owed for medical services.  Ms. Rigsby is informed and believes through counsel that at some point in time after that debt became delinquent, it was allegedly acquired by Defendant Pendrick, which began trying to collect upon it, by having Defendant Harvard send Ms. Rigsby an initial form collection letter, dated February 8, 2016.  This collection letter stated: "Current Creditor: PENDRICK CAPITAL PARTNERS II" and then further stated: "Original Creditor: GREENWAY TRAILS EMERG PHY".  Defendants' letter then stated "Our client has authorized us to settle your obligation for 65% of the Total Amount Due".  Defendants' letter failed to explain who Pendrick Capital Partners II was, who their "client" was, or what the difference was between the current creditor, the original creditor or the "client".  A copy of Defendants' letter is attached as Exhibit C.

10. This would cause a consumer to not know to whom the debt was currently owed.  A simple statement that Pendrick Capital Partners II had bought the debt, or that the debt was now owed to Pendrick and that Pendrick was Harvard's client, would have sufficed to identify effectively the name of creditor to whom the debt was then owed.

11. Identifying the name of the current creditor to whom the debt is then owed is a mandatory informational disclosure under the FDCPA, and the failure to provide that information is a concrete material injury, see, Janetos v. Fulton, Friedman, 825 F.3d 317, 324-325 (7th Cir. 2016).

12. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692g(a)(2)**
**Failure To Identify Effectively The Current Creditor**

14. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide Rigsby with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

15. Defendants' form collection letter violates § 1692g(a)(2) of the FDCPA because they failed to identify effectively that Defendant Pendrick was the current creditor to whom the debt was owed.  See, Janetos, 825 F.3d at 324-325; Pardo v. Allied Interstate, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. 2015); Deschaine v. National Enterprise Systems, 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. 2013); Walls v. United Collection Bureau, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012); and Braatz v. Leading Edge Recovery Solutions, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011).

16. Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

17. Plaintiff, Christy Rigsby, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for medical

services, via the same form collection letter, that Defendants sent to Plaintiff (Exhibit C), from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

18. Defendants Harvard and Pendrick regularly engage in debt collection, using the same form collection letter they sent Plaintiff Rigsby, in their attempts to collect delinquent consumer debts from other consumers.

19. The Class consists of more than 35 persons from whom Defendants Harvard and Pendrick attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Rigsby.

20. Plaintiff Rigsby's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

21. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

22. Plaintiff Rigsby will fairly and adequately protect and represent the

interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Rigsby has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Christy Rigsby, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Rigsby as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Rigsby and the Class, and against Defendants Harvard and Pendrick, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Christy Rigsby, individually and on behalf of all others similarly situated, demands trial by jury.

>  Christy Rigsby, individually and on
>  behalf of all others similarly situated,
>
>  By: /s/ David J. Philipps
>  One of Plaintiff's Attorneys

Dated:  October 7, 2016

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com